UNITED STATES BANKRUPTCYCOURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                  :      Chapter 13
In re:                                               :      Case No. 05-39032 (cgm)

        PASQUALE DEGIORGIO,

                                Debtor.
------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER ON
## MOTION OF ANDREW BARTOK FOR RECUSAL

       The above-captioned case was filed on October 14, 2005.  On June 8, 2006, the United States Trustee submitted an application to this Court for an order pursuant to Bankruptcy Rule 2004,[1] authorizing the examination of Kathleen Kelly and directing the production of documents.  ECF Docket No. 16 (hereafter, the "Application").

       The United States Trustee filed the Application in order to determine "if any provisions of Title 11, the Federal Rules of Bankruptcy Procedure, the New York State Judiciary Law or any other statutes have been violated in connection with the preparation of the documents related to this and other bankruptcy cases involving the person sought to be examined herein." Application at ¶3.  The United States Trustee explained that:

> Although no attorney or bankruptcy petition preparer is listed on the debtor's petition, testimony by the debtor at an examination conducted pursuant to Federal Rule of Bankruptcy Procedure 2004 leads the United States Trustee to believe that Kathleen Kelly of Revelations was involved in the preparation of the debtor's bankruptcy petition.

Application at ¶2.  Among many other things, the United States Trustee is authorized pursuant to Section 110(j)(1) of the Bankruptcy Code to bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct that violates 11 U.S.C. § 110, or to enjoin the petition preparer from further acting as a bankruptcy petition preparer.[2]  The civil action referred to in

---

[1]     Rule 2004(a) permits the Court to "order the examination of any entity" upon the motion of any party in interest.  The broad scope of the examination, set forth in Rule 2004(b), includes "the acts, conduct, or property or to the liabilities and financial condition of the debtor" or "any matter which may affect the administration of the debtor's estate."  An entity directed to appear at an examination ordered pursuant to Rule 2004 can be conducted "within or without the district" and may be compelled as provided in Fed. R. Bankr. P. 9016 (incorporating Fed. R. Civ. P. 45).

[2]     According to its web site:

> The United States Trustee Program is a component of the Department of Justice that seeks to promote the efficiency and protect the integrity of the Federal bankruptcy system.  To further the public interest in the just, speedy and economical resolution of cases filed under the Bankruptcy Code, the Program monitors the conduct of bankruptcy parties and private estate

Section 110(j)(1) can be commenced by the United States Trustee in either the district where the petition preparer has conducted business, or in which the debtor resides. 11 U.S.C. § 110(j)(1).

Ms. Kelly did not object to the Application. An objection was received on June 19, 2006 signed by "Andrew Bartok" with the title "CEO Revelations". ECF Docket No. 18. In his opposition Mr. Bartok merely stated that "this is my written objection to the proposed order" and that "I Andrew Bartok am the Owner and Managing Associate of Revelations LLC and all further notices regarding this matter are to be addressed to my attention." *Id.*

The Court granted the United States Trustee's Application over Mr. Bartok's objection because the Application did not seek any relief against Mr. Bartok, and the objection did not specify any grounds justifying denial of the Application. Accordingly, on June 19, 2006, the Court issued an order pursuant to Bankruptcy Rule 2004, directing Ms. Kelly to appear before the United States Trustee to be examined and produce documents. ECF Docket No. 19.

On July 6, 2006 the Court received another document from Mr. Bartok captioned "MOTION FOR RECONSIDERATION & TO REMOVE JUDGE CECELIA MORRIS" and also captioned as a "CERTIFICATION IN SUPPORT OF RECONSIDERATION and REMOVAL OF JUDGE CECELIA MORRIS". ECF Docket No. 21 (hereafter, the "Bartok Motion"). The Court has determined that the Bartok Motion should be treated as a motion for recusal.

Before turning to the standards for recusal, the Court first notes that Mr. Bartok is not a debtor or party in interest in this case. Mr. Bartok describes himself as a "pro-se Intervenor" which is not a status recognized under federal law. The Application did not seek any relief against Mr. Bartok, and this Court has not issued any order directed to Mr. Bartok. Mr. Bartok does not, and cannot as a non-attorney, represent Ms. Kelly. Mr. Bartok also cannot represent the Revelations entity.[3] Thus, Mr. Bartok is not a party in interest in this case, and he has no standing to oppose the Application or request consideration of a previously entered order.

Mr. Bartok states:

I have filed a Motion for Reconsideration of Judge Cecelia Morris's order, dated June 19, 2006, and for an order to Remove Judge Cecelia Morris from ruling upon my Reconsideration Motion since as a reasonable person I allege that Judge Morris is "biased and has a personal vendetta" against me, Kathleen Kelly, and

---

trustees, oversees related administrative functions, and acts to ensure compliance with applicable laws and procedures. It also identifies and helps investigate bankruptcy fraud and abuse in coordination with United States Attorneys, the Federal Bureau of Investigation, and other law enforcement agencies.

http://www.usdoj.gov/ust/eo/ust_org/about_ustp.htm (last visited July 14, 2006).

[3]    The Second Circuit Court of Appeals recently reaffirmed the "settled law" that a corporation may not appear in a lawsuit against it except through an attorney, and that "we long have required corporations to appear through a special agent, the licensed attorney." *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991)).

>   my company, Revelations Consulting, LLC., located at 4514 Bergen Turnpike, North Bergen, NJ 07047.

Bartok Motion, ¶5 (internal quotation unattributed).

The governing law is stated in 28 U.S.C. § 455 (applicable to bankruptcy proceedings by Fed. R. Bankr. P. 5004(a)). Title 28 U.S.C. § 455 states in relevant part:

> **Disqualification of justice, judge, or magistrate judge**
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

Mr. Bartok has made numerous accusations concerning the Court, including the following:

- The allegation that: "Upon information and belief … Judge Morris has a bias against all 'pro-se debtors/or defendants' in her court of jurisdiction" Bartok Motion, ¶6 (internal quotation unattributed in original);

- The allegation, also "[u]pon information and belief," that "Judge Morris continues to abuse her authority and her theory of law is caprice, null and void, and unconstitutional …." Bartok Motion, ¶6;

- The statement that "Judge Morris discriminates against pro-se defendants like me" Bartok Motion, ¶12; and

- Allegations that: "Judge Morris has acted 'outside the scope of her employment', Judge Morris has abused the judicial process with her 'Nazi like tactics' of using police power to arrest debtors who were not given effective service of process, Judge Morris has violated her oath of office and committed perjury when she broke the law and when she failed to follow the law by protecting all pro-se defendants who are under the protection of the 5th, 6th, and 14th Federal Amendments, and Judge Morris has violated the Federal Civil rights of DeGiorgio, or other ignorant and uneducated defendants, in her courtroom and should be impeached by the Second Circuit Committee on Judicial Misconduct …." Bartok Motion, ¶23 (internal quotations unattributed in original).

Each of the above statements by Mr. Bartok are bare assertions that do not provide support for the relief sought in the Bartok Motion or any reference to a specific act by this Court. Several of the statements are made upon "information and belief," meaning either that Mr. Bartok has no personal knowledge of the truth of the statements and/or that the statement is merely Mr. Bartok's opinion. This Court's record and reputation for fair treatment of all parties, including, above all, pro-se parties, speaks for itself. This Court suspects that Mr. Bartok (who, to this Court's knowledge, has never appeared before this Court) is not able to appreciate the respect that this Court gives to every party, including pro se parties, or the reverence with which this Court regards its oath of office. Consistent with both of the foregoing, the Court takes allegations of prejudice made against parties appearing before the Court very seriously.

The Court has reviewed the docket of this case and believes that every order was carefully reasoned and supported by proper legal authority. Nothing in this case would give rise to a question or concern regarding the Court's impartiality.

Mr. Bartok's reference to use of "police power to arrest debtors who were not given effective service of process" (Bartok Motion, ¶23) apparently refers to this Court's request that the District Court issue an order of arrest for this Debtor after the Debtor submitted a frivolous opposition, failed to appear and prosecute the opposition, and then failed to appear at a further hearing in spite of a Court order compelling his attendance. *See* January 19, 2006 "Order Pursuant to Rule 9011(c)(3) of the Federal Rules of Bankruptcy Procedure, Directing Debtor to Appear and Show Cause Why Debtor Should Not be Sanctioned Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure", ECF Docket No. 8. After the Debtor twice failed to appear, the Court held the Debtor in contempt and gave the Debtor a further opportunity to appear and purge his contempt. *See* February 8, 2006 "Order Holding Debtor in Contempt," ECF Docket No. 9. When the Debtor once again failed to appear, this Court requested the assistance of the District Court to direct the United States Marshals Service to take the Debtor into custody and compel the Debtor's attendance before this Court. This Court warned the Debtor in the February 8, 2006 order that the assistance of the United States Marshals would be requested if the Debtor did not voluntarily appear. The Court finds nothing suggestive of bias or prejudice on the Court's part. On the contrary, the Court gave the Debtor multiple opportunities to appear voluntarily. The Court issued the January 19, 2006 order because the Debtor's frivolous opposition made unsubstantiated accusations of bias against a creditor's attorney and the Chapter 13 Trustee that are very similar to the unsubstantiated accusations against this Court in the Bartok Motion, including unfounded allegations of "purjury" and "a 'pattern of pro-se profiling and racial profiling' which is unjust, abhorant [sic], and against our constitutional system of laws." ECF Docket No. 6, ¶¶ 7, 8 & 20 (internal quotations unattributed in original). This Court's orders were intended to protect all parties, and the bankruptcy process, against, *inter alia*, frivolous, defamatory and harassing pleadings that appeared to be in violation of Bankruptcy Rule 9011. Thus, the Court's orders were issued without either the effect or intention of prejudice or bias against any party.

The remaining allegations in the Bartok Motion are meritless and false. As they are unsupported by fact or relevant law, they do not require further comment.

This Court does not have a bias or prejudice against any party in this case (or even against a non-party such as Mr. Bartok). The record in this case, as reviewed above, does not suggest anything to the contrary. Finally, this Court does not have "personal knowledge of disputed evidentiary facts concerning the proceeding," and it has not been suggested otherwise. For the foregoing reasons, it is hereby

**ORDERED**, that Andrew Bartok's motion for recusal is **DENIED**; and it is further

**ORDERED**, that Andrew Bartok's "MOTION FOR RECONSIDERATION & TO REMOVE JUDGE CECELIA MORRIS" (ECF Docket No. 21) is, in all respects, **DENIED**; and it is further

- 5 -

**ORDERED**, that nothing in this memorandum decision and order effects the June 19, 2006 "Order Authorizing Examination of Kathleen Kelly and Directing the Production of Documents" (ECF Docket No. 19).

Dated: Poughkeepsie, New York
       July 14, 2006

                                              /s/ Cecelia Morris
                                                 U.S.B.J.